**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3860-19T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

WILLIAM K. LANE,

     Defendant-Appellant.

_____

Submitted September 15, 2020 — Decided September 21, 2020

Before Judges Haas and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Accusation No. 07-12-1157.

Joseph E. Krakora, Public Defender, attorney for appellant (Olivia J. Moorhead, Assistant Deputy Public Defender, of counsel and on the brief).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Renee M. Robeson, Senior Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant William Lane appeals from a June 19, 2020 order denying a motion to amend his sentence and permit his release for medical reasons pursuant to Rule 3:21-10(b)(2). We affirm.

On April 18, 2008, defendant pled guilty to first-degree aggravated manslaughter and was sentenced to twenty-two years' incarceration subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. He becomes parole eligible on December 30, 2023. In 2012, defendant was transferred to a Massachusetts correctional facility, where he is currently held.

Defendant filed the motion to amend his sentence seeking early release or suspension of the sentence due to the COVID-19 pandemic, arguing he suffers from asthma, pneumonia, hypertension, and chest pain, and that these medical conditions and his age place him at risk. Judge Robert W. Bingham, II, issued a written decision denying defendant's motion. The judge recounted defendant's admissions to the hospital and medical treatments between 2016 and 2019, and subsequent return to prison after each admission. The judge also considered the letters of support defendant offered from family, friends, and faculty and students from a Boston University prison education program, evidencing defendant's rehabilitation during his incarceration.

However, the judge denied the motion because defendant is serving a mandatory term of imprisonment, is parole ineligible, and

> a mandatory term of parole . . . ineligibility cannot be reduced or changed under the [Rule]. State v. Mendel, 212 N.J. Super. 110[, 113] (App. Div. 1986). The [Mendel] panel explained that the court can consider an application under R[ule] 3:21-10(b) relative to a discretionary period of parole ineligibility, but "a sentence cannot be changed or reduced under R[ule] 3:21-10(b) below the parole ineligibility term required by statute. R[ule] 3:21-10(b) was never intended to permit the change or reduction of a custodial sentence which is required by law." Mendel, 212 N.J. Super. at 112-13.

Judge Bingham also found defendant did not satisfy the State v. Priester[1] factors for release pursuant to the Rule because defendant was successfully treated and returned to the prison population on many occasions and "[t]hough he may have conditions that elevate his risk of COVID-19, there is no indication that he has any such symptoms of the infection or that the prison would be incapable of addressing them." Additionally, although defendant made strides toward rehabilitation, mitigating the risk to the public if defendant were released, the judge found "the nature and severity of [defendant's] crime . . .

---

[1] 99 N.J. 123 (1985).

A-3860-19T4

extremely serious. The severity of the sentence reflects the severity of the crime."

Defendant raises the following points on appeal:

> POINT I: APPELLANT IS NOT BARRED FROM RELIEF UNDER RULE 3:21-10(B)(2) DUE TO PAROLE DISQUALIFIER AS IT DOES NOT REQUIRE A CHANGE OF SENTENCE.

> POINT II: APPELLANT HAS MET THE LEGAL STANDARD FOR RELEASE UNDER STATE V. PRIESTER, HAVING SHOWN THE DELETERIOUS EFFECT INCARCERATION HAS HAD ON HIS HEALTH, DUE TO HIS UNDERLYING MEDICAL CONDITIONS AND ONGOING COVID-19 PANDEMIC, AND SEEKS A NEW HEARING.

A sentencing amendment under Rule 3:21-10(b)(2) "must be applied prudently, sparingly, and cautiously." Priester, 99 N.J. at 135. Moreover, "[a] motion made pursuant to Rule 3:21-10(b)(2) is committed to the sound discretion of the [trial] court." Ibid.

Having considered defendant's arguments, we affirm for the reasons expressed in Judge Bingham's thorough and well-written decision. Defendant's statutory ineligibility for parole clearly barred his motion. Although the judge was not required to also address the Priester factors in light of the procedural bar, we discern no abuse of discretion by the judge finding defendant's

successful medical treatment during incarceration, the availability of such medical care, and the severity of his crime, did not warrant early release.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION